People v Gonzalez (2022 NY Slip Op 05961)

People v Gonzalez

2022 NY Slip Op 05961

Decided on October 25, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 25, 2022

Before: Manzanet-Daniels, J.P., Kennedy, Scarpulla, Mendez, Higgitt, JJ. 

Ind. No. 1057/15 Appeal No. 16538 Case No. 2019-03389 

[*1]The People of the State of New York, Respondent,
v
Hermes Gonzalez, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Whitney Elliott of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Meghan McLoughlin of counsel), for respondent.

Order, Supreme Court, New York County (James M. Burke, J.), entered on or about July 11, 2019, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court's assessment of 15 points for the risk factor for drug or alcohol abuse was supported by clear and convincing evidence, based upon defendant's admissions regarding such use and that he was under the influence of alcohol when he committed the offense (see People v Watson, 112 AD3d 501 [1st Dept 2013], lv denied 22 NY3d 863 [2014]; People v Guasp, 95 AD3d 608 [1st Dept 2012], lv denied 19 NY3d 812 [2012]). Defendant's completion of a substance abuse treatment program and his abstinence from consuming prohibited alcohol while incarcerated are insufficient to establish a reduced risk of reoffense that would warrant an assessment of zero points for that factor (see People v Sepulveda, 187 AD3d 448 [1st Dept 2020], lv denied 36 NY3d 904 [2021]).
We perceive no basis for a downward departure (see generally People v Gillotti, 23 NY3d 841, 861 [2014]). The defendant's disciplinary record while incarcerated, his admission of guilt and successful completion of sex offender treatment, and his anticipated postrelease familial support were either adequately taken into account by the risk assessment instrument or outweighed by the seriousness of defendant's sexual conduct against a child (see People v Malena, 186 AD3d 1175, 1175-76 [1st Dept 2020], lv denied 36 NY3d 907 [2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 25, 2022